UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 7:05-cr-1080-4 |
| ) | |
| ) | **ORDER** |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Pam Lydia, ) | |
| a/k/a Pamela Joan Lydia, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on the defendant's *pro se* motion to modify her sentence, pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and U.S.S.G. § 4A1.2(c), filed on April 3, 2008.  Defendant argues that she is entitled to a modification of her sentence based on a new amendment to the Sentencing Guidelines which became effective November 1, 2007.  Specifically, she claims that her criminal history category should be lowered because the "new amendment changes the probation criterion at [U.S.S.G. §] 4A1.2(c)(1) from a term of 'at least' one year to a term of 'more than' one year, when calculating criminal history points." (Defendant's Motion to Reduce 1.)   For the following reasons, the Court denies Defendant's motion.

### Standard of Review

Defendant brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

Defendant bases this motion on Amendment 709 to the Sentencing Guidelines. *See* U.S.S.G. § 4A1.2(c) (2007), historical note; *see also* U.S.S.G. App. C., Amendment 709 (2007). This Amendment was not made retroactive under § 1B1.10 of the Guidelines. *See* U.S.S.G. § 1B1.10(c) ("Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711."). Amendment 709 is not listed in this section; therefore, the Court may not apply it retroactively on a § 3582(c)(2) motion. *United States v. McHan*, 386 F.3d 620 (4th Cir. 2004). Since the Sentencing Commission did not specifically provide, under § 1B1.10(c), that Amendment 709 is to be applied retroactively, the Court must deny Defendant's motion.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motion be DENIED.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   5  , 2008

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**