UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Untied States of America, | ) | |
| | ) | Cr. No.: 7:05-cr-1080-GRA-4 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Pam Lydia, | ) | |
| a/k/a Pamela Joan Lydia, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* Motion to modify her sentence, filed on February 14, 2011 (ECF No. 1446).

Defendant argues she is entitled to a modification of her sentence based on a 2007 amendment to U.S.S.G. §§ 4A1.1(c) and 4A1.2(c). Defendant has previously presented this argument in motions filed on April 3, 2008, and on February 16, 2009. (*See* ECF Nos. 1263 & 1309.) The Court denied both of those motions. (*See* ECF Nos. 1283 & 1310.)

This Court lacks jurisdiction to modify Defendant's sentence. District courts may not grant reconsideration of a decision on a motion for sentence reduction brought under 18 U.S.C. § 3582(c)(2). *United States v. Goodwyn*, 596 F.3d 233 (4th Cir.), *cert. denied*, \_\_\_ U.S. \_\_\_, 130 S. Ct. 3530 (2010). Because Defendant's current Motion re-asserts arguments this Court has twice rejected, it is to be treated as a motion to reconsider her previous requests. *See United States v. Dias*, 390 F.

App'x 263, 263–64 (4th Cir. 2010) (per curiam). Defendant styled one of her previous motions as a § 3582(c)(2) motion, and this Court analyzed and ruled on both previous motions as such. Accordingly, this Court may not grant her current Motion because it is a motion to reconsider a decision on a § 3582(c)(2) claim.

Furthermore, even if this Court had jurisdiction over Defendant's current Motion, the Court would not grant the Motion because it lacks merit. 18 U.S.C. § 3582(c)(2) provides as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The "applicable policy statement" is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Sentencing Guidelines listed in § 1B1.10(c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2010). However, if an amendment is not listed in § 1B1.10(c), a court may not apply it retroactively in a § 3582(c)(2) motion. *See id.* § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 2401 (2009).

Like Defendant's two previous motions, Defendant's current motion is based on Amendment 709.  As of the date of this Order, Amendment 709 is still not listed in U.S.S.G. § 1B1.10(c).  *See* U.S.S.G. § 1B1.10(c) (2010).  Accordingly, reducing Defendant's sentence would not be consistent with any policy statement from the Commission.  Because Defendant has not shown a sufficient basis for modification of her sentence under § 3582(c)(2), her claim is without merit.

IT IS THEREFORE ORDERED THAT Defendant's Motion (ECF No. 1446) is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  10 , 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within fourteen (14) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**